UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES FOWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00297-WTL-DKL |
| ) | |
| ALEX JASTILLANO, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion to Add Defendant and for Reconsideration**

Plaintiff James Fowler has moved to add claims against the United States and for reconsideration of the Court's Entry denying his request for counsel. For the reasons stated below, Fowler's motion [dkt 90] is **denied**.

**I. Motion to Add Defendant**

Fowler first moves to add a negligence claim against the United States under the Federal Tort Claims Act. Fowler asserts that his learning disabilities and lack of legal knowledge has prevented him from raising this claim previously and that the defendant will not be prejudiced because the proposed negligence claim will be based on the same facts as the deliberate indifference claim that is proceeding. The defendant opposes the request to add a negligence claim against the United States arguing that the proposed amendment is untimely and futile.

First, the motion to amend is not accompanied by a proposed amended complaint as required by Local Rule 15-1 and can be denied for this reason alone. In addition, as the defendants argue, the motion for leave to amend is untimely. The Court's Entry Setting Pretrial Schedule issued on June 11, 2015, required that any motion to amend the complaint must be filed by July 1, 2015. Fowler's motion for leave to amend was filed on August 1, 2016, over one year later.

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). That rule provides that courts "should freely give leave when justice so requires." *See also Soltys v. Costello,* 520 F.3d 737, 742–43 (7th Cir. 2008) (discussing the standard). However, the rule is in some tension with the rule that governs scheduling orders, Federal Rule of Civil Procedure 16. Under the rule, district courts are generally required to issue scheduling orders in their cases as soon as practicable. Fed.R.Civ.P. 16(b)(2). And courts are required in a scheduling order to set a deadline for filing amended pleadings. Fed.R.Civ.P. 16(b)(3)(A). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Because the motion to amend was filed after the deadline set forth in the scheduling order, the Court applies the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied. *See id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). Fowler argues that he was delayed in filing his complaint because of a delay in receiving a response to his Notice of Tort Claim, but that delay apparently only hindered him until September of 2014, when he filed this complaint. In addition, Fowler asserts that he believed that a negligence claim was proceeding. But the Court's screening order of March 17, 2015, is clear that the deliberate indifference claims against the individual defendants are proceeding. That Entry makes no mention of any negligence claim against the United States. Further, that Entry required Fowler to notify the Court if he believed that he had alleged a claim that was not addressed in that Entry by April 10, 2015. In short, to be permitted to amend his complaint at this late stage of this case, Fowler must show "good cause" for his delay and diligence on his part in seeking

amendment. Because he has failed to show diligence on his part, his motion to amend [dkt 90] is **denied**.

## II. Request for Reconsideration

Fowler also seeks reconsideration of the Court's ruling denying his motion for appointment of new counsel. Fowler argues that he never instructed his pro bono counsel to withdraw and that his counsel was appointed "to represent [him] through trial." By failing to proceed to trial, according to Fowler, his appointed counsel breached the contract with him.

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue.

Fowler has identified no manifest error of law or fact in the Court's ruling denying his request for the appointment of new counsel. First, there is evidence in the record that Fowler did instruct his counsel to withdraw. In his motion for appointment of counsel filed on July 13, 2016, Fowler states that he "relieved Barns and Thornburg LLP from representation" and received a letter stating as much. He also states that he "was forced to terminate representation in his own best interest." In addition, despite the fact that counsel was appointed to represent the plaintiff through trial, this appointment was never intended to create a conflict with counsel's ethical duty of candor with the Court and Rule 11 obligation not to pursue frivolous claims. It is clear from Fowler's filings that his counsel concluded, after thorough investigation, that his claims are frivolous. It was not a breach of contract to choose not to pursue them. Additionally, the Court will

not undertake to repeatedly attempt to appoint counsel – whether on a voluntary or mandatory basis – to represent Fowler. Accordingly, his request for reconsideration [dkt 90] is **denied**. Fowler will have to pursue his claims on his own.

    **IT IS SO ORDERED.**

Date: 8/24/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES FOWLER
23654-058
FCI Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

All electronically registered counsel